## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CASEY OLIVER, | ) | |
| | ) | Civil Action No. 12 - 112 |
| Petitioner, | ) | |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| SUPERINTENDENT BURNS and | ) | ECF No. 5 |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Casey Oliver, currently incarcerated at Butler County Prison in Butler, Pennsylvania, initiated this action on January 30, 2012,[1] by filing a Petition for Writ of Habeas Corpus (hereinafter referred to as "Petition") pursuant to 28 U.S.C. § 2254.  (ECF No. 1.) Currently pending before the Court is a Motion to Dismiss the Petition filed by Respondents on February 22, 2012.  (ECF No. 5.)  Petitioner filed a response in opposition to the Motion to Dismiss on March 2, 2012.  (ECF No. 7.)  For the following reasons, the Motion will be granted in part and denied in part, the Petition will be dismissed without prejudice, and a certificate of appealability will be denied.

---

[1] This is the filing date under the "mailbox rule."  Pennsylvania and federal courts employ the prisoner mailbox rule.  *See* Perry v. Diguglielmo, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing.  *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

## A.  Relevant Procedural History

On February 9, 2008, Petitioner was arrested and charged by information at CC No. 200805963, with having committed in Allegheny County, Pennsylvania, one count each of simple assault, burglary, robbery of a motor vehicle, criminal attempt, driving an unregistered vehicle, and improper backing; two counts each of driving while operating on a suspended or revoked license, fleeing or attempting to elude a police office, reckless driving, and failure to drive a vehicle at a safe speed; and five counts of failure to stop at a stop sign.  (ECF No. 5-1 at 1-19.)

On March 14, 2008, the State of Maryland, Washington County, filed a complaint and issued an arrest warrant for Petitioner in 6V00058897, alleging that Petitioner had committed, on or about November 10, 2007, one count each of theft, forgery of private documents, issuing a false document, and uttering a bad check.  (ECF No. 5-1 at 21-33.)  On June 9, 2008, Petitioner was lodged in the Allegheny County Jail and a detainer on behalf of Washington County, Maryland was lodged against him for having committed the aforementioned offenses.  (ECF No. 5-1 at 20.)

On July 8, 2008, the Allegheny County District Attorney's Office filed a Petition for Extension of Time under the Uniform Criminal Extradition Act, 42 Pa. C.S.A. § 9138 in CC No. 200804235.  (ECF No. 5-1 at 34.)  The Commonwealth's extension request stated that the Allegheny County District Attorney's Office confirmed that extradition proceedings had been initiated but that the Governor's papers had not yet arrived.  (ECF No. 5-1 at 34.)  Accordingly, the Commonwealth sought and was granted a 60-day extension in order to wait for the arrival of the Governor's papers.  (ECF No. 5-1 at 34-35.)

2

On November 12, 2008, Petitioner entered a negotiated guilty plea in CC No. 200805963 to one count each of burglary, criminal attempt, robbery of a motor vehicle, simple assault, and two counts each of fleeing and eluding a police officer and driving while operating privilege is suspended.  (ECF No. 5-1 at 4-6, 8.)  That same day, Petitioner was sentenced to serve an aggregate term of eighteen to thirty-six months of incarceration, effective June 7, 2008, to be followed by three years of probation, and to pay a fine of two hundred dollars and participate in random drug screening.  (ECF No. 5-1 at 4-6, 8.)  No direct appeal was filed from his judgment of sentence.

On December 18, 2008, the trial court issued an order dismissing the fugitive proceedings against Petitioner in CC No. 200804235.  (ECF No. 5-1 at 36.)  Specifically, the trial court stated that the 90th day to secure a Governor's Warrant to allow for extradition was September 5, 2008, and that the Governor's Warrant did not arrive on time.  (ECF No. 5-1 at 36.)  Therefore, the trial court dismissed, without prejudice, the fugitive charges on behalf of the State of Maryland, Washington County.  (ECF No. 5-1 at 36.)

On October 20, 2009, Petitioner filed a Motion to Modify and Reduce Sentence *nunc pro tunc* in CC No. 200805963.  (ECF No. 5-1 at 37-41.)  The court treated Petitioner's motion as a *pro se* PCRA petition and appointed counsel to address the issues therein and prepare an amended PCRA petition.  Petitioner's PCRA petition was dismissed by the trial court on August 12, 2010, after Petitioner's PCRA counsel filed a no merit letter to the trial court stating that Petitioner's claims were of no arguable merit.  (ECF No. 5-2 at 1-12.)

Pursuant to the mailbox rule, Petitioner filed his Petition for Writ of Habeas Corpus in this Court on January 30, 2012.  (ECF No. 1.)  Petitioner raises two claims in his Petition: (1) the Commonwealth needed to secure, but did not, a Governor's Warrant in order to extradite

Petitioner to Maryland; and (2) under the Uniform Extradition Act, the Extradition State must prove that the person was present in that state at the time of the crime.   For the following reasons, the Petition must be dismissed.

## B.  Jurisdiction

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254.   As an initial matter, the Court must determine whether it has the authority to review the Petition under § 2254.

Section 2254(a) of Title 28 of the United States Code gives the Court jurisdiction to entertain a habeas petition as follows:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).   Similarly, 28 U.S.C. § 2241(c) provides in relevant part:

> The writ of habeas corpus shall not extent to a prisoner unless -- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court under either of the above statutes, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States.   *See* Maleng v. Cook, 490 U.S. 488, 490 (1989).   The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."   Maleng, 490 U.S. at 490-91; *see also* Spencer v. Kemna, 523 U.S. 1, 7 (1998); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004).

The threshold question in this case is whether Petitioner satisfies the "in custody" requirement with respect to his claims presented in his Petition.

A district court has jurisdiction under § 2241(c)(3) to entertain a habeas petition attacking a future sentence of imprisonment imposed by the same sovereign that will not begin until completion of a current sentence. *See* <u>Peyton v. Rowe</u>, 391 U.S. 54 (1968). In <u>Peyton</u>, the Supreme Court held that when a prisoner is serving consecutive sentences, the "in custody" requirement of § 2241(c)(3) is satisfied and the prisoner need not wait until the termination of the first sentence. <u>Id</u>. at 67. In so doing, the court overruled <u>McNally v. Hill</u>, 293 U.S. 131 (1934), which held that the habeas corpus statute does not authorize attacks upon future consecutive sentences, the so-called "prematurity rule." <u>Id</u>. at 55, 64.

Although <u>Peyton</u> involved consecutive prison sentences in the same state, the Court extended the doctrine to situations where the consecutive sentences were to be served in different states. In <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973), petitioner had been indicted for certain crimes in Kentucky but escaped to Alabama where he was arrested, convicted and imprisoned for crimes committed in that state. Kentucky officials lodged a detainer against him. The petitioner sought a writ of habeas corpus, attacking the validity of the Kentucky indictment, while he was serving the Alabama sentence. The Supreme Court held that the considerations which were held in <u>Peyton</u> to warrant a prompt resolution of the claim also applied when "the 'future custody' under attack will not be imposed by the same sovereign which holds the petitioner in his current confinement." <u>Id</u>. at 489, n.4. The court reasoned that the detainer issued by the Kentucky officials made the Alabama warden Kentucky's agent, making the petitioner "in custody" for purposes of 28 U.S.C. § 2241(c)(3).

This Court construes the two claims presented in the instant Petition to challenge the validity of the detainer lodged against Petitioner in the State of Maryland, and not his Pennsylvania judgment of sentence for which he is currently serving.  Because a district court has jurisdiction under § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person challenging a detainer lodged pursuant to an untried state indictment, the instant Petition will be construed as seeking habeas relief pursuant to § 2241(c)(3) and not § 2254.[2]  *See* Maleng, 490 U.S. at 490; Braden, 410 U.S. at 489; Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983); Moore v. De Young, 515 F.2d 437, 442-42 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D. N.J. 1975), *aff'd* 523 F.2d 1052 (3d Cir. 1975) (table).  Although this Court has jurisdiction over the Petition, it is clear that it should be dismissed as premature.[3]

## C.  Petitioner's Claims

In his first claim Petitioner appears to ask this Court to order that the detainer lodged against him by the State of Maryland be removed pursuant to the trial court's order dated December 18, 2008, dismissing Petitioner's extradition proceedings.  Petitioner appears to be under the impression that the trial court's order lifted the detainer and that he can no longer be extradited to Maryland upon completion of his Pennsylvania sentence because the

---

[2]     Although the Court has concluded that Petitioner should have asserted his claims pursuant to § 2241, the Court acknowledges the Third Circuit's holding in Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) requiring a state prisoner to rely on § 2254, not § 2241, when challenging any incarceration "pursuant to the judgment of a State court." Id. at 485.  However, the Court does not interpret Coady to prohibit reliance on § 2241 when a state prisoner challenges only his pre-trial detention.

[3]     As an initial matter, Respondents assert that the instant Petition, which they have construed as brought pursuant to § 2254, must be dismissed as untimely because Petitioner did not file it within the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  However, § 2241 does not include the one-year limitations period applicable to § 2254 petitions.  *See* Frost v. SCI Albion, No. 10-117E, 2011 U.S. Dist. LEXIS 110617, at *5 (W.D. Pa. September 28, 2011) (citing Brian R. Mean, Federal Habeas Manual § 1:34 (July 2011)).  Accordingly, Respondents' Motion to Dismiss will be denied to the extent it seeks dismissal of the Petition as time barred.

Commonwealth failed to secure a Governor's Warrant within 90 days.  Petitioner's second claim

is somewhat unclear but he appears to assert that he cannot be extradited because Maryland has

not proven, in accordance with the Uniform Extradition Act, that he was present in the state at

the time the crimes for which he is charged were committed.[4]

    1.  <u>Petitioner does not assert a violation of a constitutional or federal right.</u>

As an initial matter, the question here is whether the Petition asserts a violation of a

constitutional or federal right.  "In conducting habeas review, a federal court is limited to

deciding whether a conviction violated the Constitution, laws, or treaties of the United States."

<u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); *see* 28 U.S.C. § 2241(c)(3).  "Federal courts hold

no authority over state judicial proceedings and may intervene only to correct wrongs of

constitutional dimension."  <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982).

Here, Petitioner does not assert that he is "in custody in violation of the Constitution or

laws" of the United States.  28 U.S.C. § 2241(c)(3).  Rather, Petitioner's claims involve

questions of state law and are not proper grounds for federal habeas corpus relief.  *See* <u>Johnston</u>

<u>v. Jones</u>, 447 F. App'x 912, 913 (10th Cir. 2012).  As such, Petitioner has failed to state a

cognizable claim for federal habeas relief.  However, as explained *infra*, Petitioner's claims are

nonetheless unexhausted and not ripe for review by this Court.  As such, the Petition will be

dismissed without prejudice to allow Petitioner the opportunity to exhaust his state court

remedies.

---

[4]    The Court assumes that Petitioner is referring to the Pennsylvania Uniform Criminal Extradition Act, 42 Pa. C.S.A. § 9121, *et seq*., which states in relevant part:

> No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding state at the time of the commission of the alleged crime . . . .

42 Pa. C.S.A. § 9124.

2.  Petitioner's claims are unexhausted and premature.

The Court notes that even if Petitioner had presented his claims in terms of a violation of a federal or constitutional right, which he has not, he has nevertheless failed to exhaust his state court remedies with respect to the claims in his Petition.

Section 2241 Petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism." Moore, 515 F.2d at 442.  As such, "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."[5] Id.

"The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in

_____

[5]       When a petitioner raises a claim under § 2241, the inquiry's basic purpose is to determine the reason for the petition at issue, that is, whether the petitioner is trying to enforce "the state's obligation to bring him promptly to trial," or whether he is trying to "abort a trial in the state courts" altogether, by obtaining a ruling from the federal court on the merits of his constitutional claim that would result in the dismissal of his state criminal trial. Braden, 410 U.S. at 489-91.  The assessment is made in light of the federalism interests that underlie the exhaustion requirement for federal habeas claims – in particular, the comity interest that is furthered when state courts are permitted a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

        The exhaustion analysis for pretrial section 2241 claims has two prongs.  The first prong is applicable where the court determines that the petition constitutes an attempt to enforce the petitioner's prompt trial right, and that "repeated demands" for such enforcement have already been made on the state courts, to no avail. Graham v. Brooks, 342 F. Supp. 2d 256, 263 (D. Del. 2004) (citing Braden, 410 U.S. at 489-90).  Where both of these criteria are met, the exhaustion requirement may be deemed satisfied, as "federal habeas corpus action at this time and under these circumstances does not jeopardize any legitimate interest of federalism." Braden, 410 U.S. at 491-92.

        In contrast, the second prong of the analysis applies where it appears the petitioner is seeking to "abort a trial in the state courts" by raising, in federal court, and prior to his state trial, constitutional defenses to the state charges he faces. Id. at 493.  Such a purpose is incompatible with the federal-state comity interests protected by the exhaustion requirement, and therefore, pretrial "federal habeas review is not available unless the petitioner has exhausted state remedies and he makes a 'special showing of the need for such adjudication', or he demonstrates 'extraordinary circumstances' sufficient to excuse his failure to exhaust." Graham, 342 F. Supp. 2d at 263 (quoting Moore, 515 F.2d at 443-46).  The term "extraordinary circumstances" had not been given precise definition in the pretrial § 2241 context, but the United States Court of Appeals for the Third Circuit has suggested that prosecutorial "delay, harassment, bad faith or other intentional activity . . . might, in an appropriate situation," satisfy this rigorous standard. Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1997) (citation omitted).

protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), *cert. denied*, 504 U.S. 944 (1992). Absent exceptional circumstances, a federal court may not determine the merits of a habeas corpus petition until the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 839; Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). Principles of comity "dictate that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844-45.

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 354, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), *cert. denied*, 493 U.S. 1036 (1990). A claim is not fairly presented if the state court "must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim." Baldwin v. Reese, 541 U.S. 27, 32 (2004). Mere similarity of the federal and state issues is insufficient to prove exhaustion. Duncan, 513 U.S. at 366. The relevant inquiry is whether the petitioner presented in state courts the legal theory and supporting facts asserted in the federal habeas petition. Nara v. Frank, 488 F.3d 187, 198 (3d Cir. 2007); Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).

However, when the petitioner cannot obtain state court review of his claims because of noncompliance with state procedural rules, the doctrine of procedural default generally bars

federal habeas corpus review.  Coleman v. Thompson, 501 U.S. 722, 729-32 (1991); Sistrunk v.

Vaughn, 96 F.3d 666, 674-75 (3d Cir. 1996).  The Supreme Court stated:

> [I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas regarding the decision of the last state court to which the petitioner actually presented his claims.

Coleman, 501 U.S. at 735 n.1.  "Just as in those cases in which a state prisoner fails to exhaust

state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for

presenting his federal claims has deprived the state courts of an opportunity to address those

claims in the first instance."  Coleman, 501 U.S. at 731-32.  To be beyond federal review, the

procedural default at issue must rest on "adequate and independent" state law grounds.  Johnson

v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004) (citing Harris v. Reed, 489 U.S. 255, 262 (1989)).

"[T]he state rule must have been announced prior to its application in the petitioner's case and

must have been 'firmly established and regularly followed.'"  Abu-Jamal v. Horn, 520 F.3d 272,

287 (3d Cir. 2008) (quoting Fahy v. Horn, 516 F.3d 169, 187 (3d Cir. 2008) (quoting Ford v.

Georgia, 498 U.S. 411, 423-24 (1991))).

     Upon a finding of procedural default, review of a federal habeas petition is barred unless

the habeas petitioner can demonstrate (1) "cause for the default and actual prejudice as a result of

the alleged violation of federal law", or (2) that "failure to consider the claims will result in a

fundamental miscarriage of justice."  Coleman, 501 U.S. at 750; Peterkin v. Horn, 176 F. Supp.

2d 342, 353 (E.D. Pa. 2001).

     Here, not only has Petitioner failed to present his claims as federal constitutional

challenges, he has also failed to exhaust his claims before the Pennsylvania state courts.  In

reviewing this matter under the additional analysis pertaining to claims made pursuant to § 2241,

the Court notes that Petitioner does not make a claim that the State of Maryland has lapsed in its obligation to provide him a prompt trial.  Rather, based on this Court's review of the Petition, his claims appear to request federal habeas relief from pretrial detention, stemming from the detainer lodged by Washington County, Maryland.  Specifically, he is asking for dismissal of the Maryland detainer.  However, nothing in the Petition suggests the existence here of the type of intentional, bad faith state activity that could justify an exception, based on "extraordinary circumstances," to the basic exhaustion requirement.

Because it is evident that Petitioner has not followed the required conduct and exhausted his state court remedies for the claims presented in the Petition, the Court will dismiss, without prejudice, the instant Petition as unexhausted to allow Petitioner to exhaust his claims in state court.  Accordingly, Respondents' Motion to Dismiss will be granted to the extent it seeks dismissal of the Petition based on Petitioner's failure to exhaust.[6]

### D.  Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  28 U.S.C. § 2253 provides

---

[6]       On a final note, Petitioner is advised that, in connection with his first claim, he is mistaken over the effect of the trial court's order dated December 18, 2008.  Although the trial court dismissed the proceedings, it did so without prejudice so that extradition proceedings could be re-initiated when appropriate.  However, the trial court did not lift Petitioner's detainer lodged against him by Maryland nor did it dispose of Maryland's active outstanding arrest warrant for Petitioner.  Petitioner is not currently incarcerated pursuant to Maryland's detainer.  Rather, Petitioner is currently serving a one-and-a-half to three year sentence in Pennsylvania for crimes committed in Pennsylvania at CC No. 200805963.  Once his Pennsylvania sentence has expired, Petitioner can then be extradited to Maryland to face criminal charges in Washington County.

       Moreover, Respondents note that Petitioner could have sought relief with regard to his outstanding charges in the State of Maryland, Washington County, through the Interstate Agreement on Detainers Act ("IADA"), but Petitioner has failed to avail himself of this process on several occasions.  The IADA is a congressionally sanctioned interstate compact within Art. I, § 10, of the United States Constitution and its purpose is "to encourage the expeditious and orderly disposition of [outstanding criminal] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints."  18 U.S.C. app. 2, Art. I.  This Court expresses no opinion as to the present availability or the possibility of success of seeking such relief.

that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Moreover, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Applying that standard here, jurists of reason would not find it debatable whether Petitioner has failed to state a violation of a federal right and that the claims in the instant Petition are unexhausted and premature.  Accordingly, a certificate of appealability will be denied.

**AND NOW**, this 17th day of July, 2012;

**IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 5) is **GRANTED IN PART and DENIED IN PART**.  The Motion is granted to the extent it seeks dismissal of the Petition based on Petitioner's failure to exhaust his state court remedies and the Motion is denied in all other respects.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:  Casey Oliver
     KC9506
     202 S. Washington St.
     Butler, PA  16001

     Counsel of record.